# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 25-cr-00114-JLK

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  JOEL GONZALEZ GONZALEZ,
2.  GEILOND VIDO ROMERO,

     Defendants.

---

## ORDER GRANTING UNOPPOSED JOINT MOTION TO EXCLUDE SIXTY DAYS FROM SPEEDY TRIAL ACT (ECF NO. 27)

---

Kane, J.

This Court has reviewed the Unopposed Joint Motion to Exclude Sixty Days from Speedy Trial Act (ECF No. 27) filed by Defendants Joel Gonzalez Gonzalez and Geilond Vido Romero. The Court finds and concludes that Defendants' Motion should be granted and that an additional 60 days should be excluded from the speedy trial calculation because of the following:

1.  Each Defendant consents to the Motion.

2.  The Motion is unopposed, and the exclusion of 60 days will not hinder or cause inconvenience to the Government.

3.  The discovery provided thus far by the Government is incomplete, and additional time is needed for defense counsel to obtain all related discovery and to review that information with Defendants.

4.  Defendants require the assistance of Spanish interpreters when meeting with their attorneys, which necessitates additional planning. Legal visits also demand substantial travel time

because Defendants are detained outside of the Denver area.

5. Additionally, the 60-day extension will give counsel the necessary time to prepare any appropriate motions and for potential plea negotiations.

6. A miscarriage of justice would be likely and predictable if counsel were forced to comply with the statutory limits. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Such a limitation would deny counsel for Defendants the reasonable time necessary for effective preparation, despite the exercise of due diligence. *See id.* § 3161(h)(7)(B)(iv).

7. I have given full consideration to the proper factors as required by *United States v. Toombs*, 574 F.3d 1262, 1268-69 (10th Cir. 2009). I find that the ends of justice served by the granting of the continuance outweigh the interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

Accordingly, it is ORDERED:

Defendants' Motion (ECF No. 27) is GRANTED. An additional 60 days will be excluded from the Speedy Trial Act computation. The presently set deadlines and dates—including the Motion Hearing and Trial Preparation Conference scheduled for June 5, 2025, and the trial set to begin June 9, 2025—are VACATED. Pretrial Motions are due on or before June 11, 2025, Responses are due on or before June 25, 2025, and Replies are due by July 2, 2025.  The Court has availability for the trial to begin on July 14, 2025, or July 21, 2025. The Motion Hearing and Trial Preparation Conference will be held at 10:30 a.m. on the Monday or Tuesday before the trial begins. The parties are DIRECTED to confer regarding the trial date and the date for the Motion Hearing and Trial Preparation Conference and are to email my chambers at kane_chambers@cod.uscourts.gov on or before Thursday, May

15, 2025, with their preferred dates for these settings.

DATED this 13th day of May, 2025.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE