IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 25-cr-00114-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GONZALEZ-GONZALEZ et al,

    Defendant.

## PLEA AGREEMENT

The United States of America, by and through Elizabeth E. Puskar, Special Assistant United States Attorney, and the defendant, Joel Gonzalez-Gonzalez, personally and by counsel, Kilie A. Latendresse, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

#### A. *Defendant's Plea of Guilty:*

The defendant agrees to:

(1)     plead guilty to count one of the Information, charging a violation of 18 U.S.C. § 751(a), escape from custody; and

(2)     waive certain appellate and collateral attack rights, as explained in detail below.

#### B. *Government's Obligations:*

This agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(B). In exchange for

COURT EXHIBIT 1

the defendant's plea of guilty and waiver of certain appellate and collateral attack rights, the United States agrees to:

(1) not oppose any request by the defendant for expedited sentencing, subject to the approval of the U.S. Probation Office;[1] and

(2) request that the Court impose a custodial sentence not to exceed time served; and

(3) provided the defendant does not engage in prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

The parties understand that this agreement is not binding on the Court.

### C.   Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 751(a);

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 4; or,

---

[1] The U.S. Probation Office has indicated that they will require three weeks prior to sentencing in order to prepare an Immediate Sentencing Report.

2

(3)   the government appeals the sentence imposed.

If the first criterion applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)   the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)   the defendant was deprived of the effective assistance of counsel; or

(3)   the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Obstruction of Justice and violations of terms

If the defendant engages in conduct which implicates USSG § 3C1.1 cmt. N.4 between the guilty plea and sentencing in this case, in addition to any other consequences, the government will be released from its obligations under the plea agreement, and the defendant will not thereby have any right to withdraw from the plea agreement.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which the defendant will plead guilty are as follows:

*First*, the defendant was in the custody of an officer or employee of the United States pursuant to lawful arrest for exclusion or expulsion proceedings under the immigration laws;

*Second*, the defendant left custody without permission; and

*Third*, the defendant knew he did not have permission to leave federal custody.

4

## III. STATUTORY MAXIMUM SENTENCE

Where the custody or confinement is for exclusion or expulsion proceedings under the immigration laws, the maximum sentence for a violation of 18 U.S.C. § 751(a) is not more than 1 year of imprisonment, not more than a $100,000 fine, or both; not more than one year of supervised release; and a $25 special assessment fee.

## IV. COLLATERAL CONSEQUENCES

GZ
CCB 7/2/25

This ~~felony~~ conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States or confined indefinitely if there is no country to which the defendant may be deported, denied future admission into the United States, and/or to be denied citizenship.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

Joel Gonzalez-Gonzalez was lawfully arrested and booked into the Denver Contract Detention Facility (DCDF) at 3130 N. Oakland St., Aurora, Colorado 80010, on February 12, 2025 and placed into removal proceedings under section 240 of the Immigration and Nationality Act (INA) (8 U.S.C. § 1229a) based upon a charge that he is removable from the United States pursuant to section 237(a)(1)(B) of the INA (8 U.S.C. § 1227(a)(1)(B)). As a result of those proceedings, Gonzalez-Gonzalez was in the custody of an officer or employee of the United States on March 18, 2025. On that day, when a power outage at DCDF caused the doors at the facility to remain unlocked for a certain period of time, Gonzalez-Gonzalez departed the facility without permission, and with knowledge that he did not have permission to leave federal custody. Gonzalez-Gonzalez was apprehended by law enforcement in Adams County, Colorado, on March 21, 2025.

## VI. ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the United States Sentencing Guidelines are only advisory but represent the starting point and benchmark for sentencing. The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. §

6

3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines (USSG). To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may make legal or factual arguments that affect the estimate below.

**Offense Level**: The applicable guideline is § 2P1.1.

A.  The base offense level is **8**. § 2P1.1(a)(2).

B.  Specific offense characteristics: none

C.  There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

D.  The defendant should receive a **2-level** adjustment for certain zero-point offenders under § 4C1.1(a).

D.  The adjusted offense level therefore would be **6**.

E.  The defendant should receive a **2-level** adjustment for acceptance of responsibility under § 3E1.1(a). The resulting total offense level therefore would be **4**.

7

## Criminal History Category

F.  The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated that the defendant's Criminal History Category would be I.

G.  Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

## Guideline Ranges

H.  The advisory guideline range of imprisonment resulting from an offense level of **4** and the above criminal history category is **0-6** months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 0 months (bottom of Category I) to 12 months (top of Category VI).

I.  Pursuant to guideline § 5E1.2, assuming an estimated offense level of **4**, the fine range for this offense would be $500 to $9,500, plus applicable interest and penalties.

J.  Pursuant to § 5D1.2, if the Court imposes a term of supervised release, that term shall be not more than 1 year.

The parties understand that although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party. The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory

8

guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 6-20-25

Joel Gonzalez
Joel Gonzalez-Gonzalez
Defendant

Date: 6/20/25

Kilie A. Latendresse
Attorney for the Defendant

Date: 7/2/2025

Elizabeth E. Puskar
Special Assistant United States Attorney